*So Ordered.* [Signature] 11-23-05

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re:<br><br>MONCHAI SUKMUNGSA and<br>JULIANNA LOUISE SUKMUNGSA,<br><br>Debtors. | Bankruptcy No. 05-80029<br><br>Chapter 13 |
|---|---|

## MEMORANDUM DECISION DENYING DEBTORS'
## MOTION TO VACATE ORDER OF DISMISSAL

The Debtors have filed a Motion to Vacate Order of Dismissal (Motion) entered in this case because the Debtors failed to certify on the petition that they completed a prepetition briefing from an approved nonprofit budget and credit counseling agency. The Motion requires a determination of whether the failure to comply with Local Rule 1007-2(d)(1) constitutes excusable neglect justifying vacatur of the Order of Dismissal. The Court has considered the facts properly before it, the written and oral arguments presented, and has conducted an independent review of applicable law. Based on the foregoing, the Court holds that excusable neglect has not been shown and that the case shall remain dismissed.

## I. JURISDICTION AND LEGAL STANDARD

This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O), and the Court may enter a final order. Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ."[1] Rule 60(b) is made applicable to bankruptcy cases and proceedings by Federal Rule of Bankruptcy Procedure 9024. The movant "bears the burden of proving excusable neglect by a preponderance of the evidence," which means "an amount of evidence that is enough to persuade the trier of fact that a fact in contention is more likely true than not true."[2]

## II. BACKGROUND

Section 109(h)(1) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), provides that "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."[3] Section 109(h)(1) is applicable to all individual cases filed on or after

---

[1] FED. R. CIV. P. 60(b)(1).

[2] *In re Engage, Inc.*, 315 B.R. 217, 224 (Bankr. D. Mass. 2004) (internal quotes and citations omitted).

[3] 11 U.S.C. § 109(h)(1).

October 17, 2005, and compliance with § 109(h) is an eligibility bar that must be hurdled before an individual may obtain title 11 relief.[4]

Local Rule 1007-2(d)(1) was adopted to enforce Congress' mandate by requiring the Clerk of Court to enter an order dismissing the case "[i]f the debtor fails to certify compliance with § 109(h)(1) on the petition. . . ."[5] Section 521(b)(1) of the Bankruptcy Code also requires that individual debtors must file "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor. . . ."[6] In turn, Federal Rule of Bankruptcy Procedure 1007(c) requires that the prepetition briefing certificate must be filed with the petition in voluntary individual cases.[7]

On page 2 of Official Form 1 (10/05), there is a section entitled "Certification Concerning Debt Counseling by Individual/Joint Debtor(s)," located directly below the signature line where counsel for an individual debtor with primarily consumer debts certifies that the notice required by § 342(b) has been given. This area contains two boxes, one of which must be

---

[4] Whether § 109(h) represents a jurisdictional or eligibility bar to title 11 relief is not an issue raised in this case. *See, e.g., In re Watson*, No. 05-77864-DHA, 2005 WL 2990902 (Bankr. E.D. Va. Nov. 3, 2005) (describing, without explanation, § 109(h) requirements as affecting eligibility but mandating dismissal for failure to comply); *cf. Franklin Fed. Bancorp, FSB v. Lochamy (In re Lochamy)*, 197 B.R. 384 (Bankr. N.D. Ga. 1995) (discussing majority and minority views regarding the nature of § 109(e)).

[5] Local Rule 1007-2(d)(1) is part of Standing Order #2, promulgated pursuant to Local Rule 1001-2. Standing Order #2 was made available to the public approximately one month before BAPCPA's general effective date.

[6] 11 U.S.C. § 521(b)(1). The additional requirement of § 521(b)(2) that individual debtors shall file "a copy of the debt repayment plan, if any, developed under section 109(h)" is not at issue in this case.

[7] FED. R. BANKR. P. 1007(c) (referencing FED. R. BANKR. P. 1007(b)(3)).

checked depending on whether an individual debtor did or did not receive the required prepetition briefing. The absence of a debtor's certification on Official Form 1 triggers dismissal under Local Rule 1007-2(d)(1).

### III.  FACTS

The Debtors' attorney testified that he spent approximately four to five hours with the Debtors on October 28, 2005 – the same day their case was filed. He stated that he was assured by the Debtors that the prepetition briefing had actually occurred prepetition, that he believed the Debtors received the briefing at home, and that the briefing did not occur in his office. Further, he first testified that he believed GreenPath was the nonprofit budget and credit counseling agency used by the Debtors for their prepetition briefing, though he later modified his testimony regarding the name of the agency. In any event, he did not have a copy of any certificate issued by a nonprofit budget and credit counseling agency evidencing the alleged prepetition briefing and did not recall having received one from the Debtors prior to filing. When this case was filed following the consultation, neither box was checked on Official Form 1 either certifying that the Debtors had received the required prepetition briefing or requesting a waiver. Consistent with the failure to indicate on the petition that a prepetition briefing had occurred, and in contrast with other post-BAPCPA cases filed by counsel's firm, there is no indication in Question 9 of the Debtors' Statement of Financial Affairs that any amounts were paid to any nonprofit budget and credit counseling agency for the Debtors' prepetition briefing.[8] Accordingly, the Clerk entered an Order of Dismissal on November 2, 2005.

---

[8] Although it is possible that the briefing fee was waived pursuant to § 111(c)(2)(B), there is no evidence to this effect, and it is less likely in a chapter 13 case versus a chapter 7 case. A waiver is especially unlikely in this case given the monthly net income listed on the Debtors' Schedules.

-4-

The Debtors filed the Motion on November 4, 2005 seeking vacatur of the Order of Dismissal on grounds of excusable neglect, and the Court granted leave to have the matter heard on an expedited basis. Evidence presented at the hearing on the Motion indicated that Debtors' counsel electronically filed an alleged but erroneous "Certificate of Credit Counseling" as docket entry #2 on the same day the petition was filed.[9] Docket entry #2 contained the Debtors' signed certification stating the date that they allegedly received their required briefing,[10] but no actual certificate from an approved nonprofit budget and credit counseling agency was attached. The docket entry #2 document asserts that the Debtors received their prepetition briefing on October 25, 2005, three days prior to filing. An actual Certificate from Consumer Credit Counseling Service (CCCS) was filed on November 4, 2005, indicating that the Debtors received their prepetition briefing on the same date – November 4, 2005, some seven days postpetition and the same date the Motion was filed. Yet another "corrected" Certificate from CCCS was filed on November 16, 2005, after the hearing on this matter, indicating a briefing date of Sunday, October 23, 2005, or some six days prepetition.

---

[9] Debtors' counsel testified that the software package used by his firm to generate petitions and other documents, in addition to being delayed in its initial delivery and frequently updated, was confusing and that he believed he was filling in information to populate a form to certify the Debtors' compliance with the prepetition briefing requirement. In fact, the program used the input information to generate a copy of Official Form 23, which certifies compliance with BAPCPA's *post*petition requirement of completing an instructional course concerning personal financial management as a prerequisite to discharge. Although the Court credits Debtors' counsel's testimony in this regard, the issue is with counsel's review of the documents and reasonable efforts at inquiry, not with the mere generation of the documents. The Court also notes that, unlike the postpetition certification of instructional course completion made by the debtor on Form 23, the prepetition briefing certificate must come from the agency providing the briefing.

[10] Again, because docket entry #2 consisted of Form 23, the actual certification was not that the Debtors completed a prepetition briefing, but that they certified completion of an instructional course concerning personal financial management, which, of course, did not occur.

### IV. DISCUSSION

The United States Supreme Court spoke to the issue of excusable neglect in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership et al.*, 507 U.S. 380 (1993). *Pioneer* clearly states that the term "neglect" encompasses acts done or not done through carelessness, so long as the act or failure to act is otherwise excusable.[11] The Supreme Court went on to state that the excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[12] "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[13] Neither is upheaval in one's law practice or the press of other work sufficient to establish excusable neglect.[14]

Although setting forth a totality of the circumstances test, the *Pioneer* Court did suggest four guiding factors to be considered – "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in

---

[11] *Id.* at 388.

[12] *Id.* at 395.

[13] *Id.* at 392; *see also Quigley v. Rosenthal*, 427 F.3d 1232 (10th Cir. 2005) (citing *U.S. v. Torres*, 372 F.3d 1159 (10th Cir. 2004) (reversing the District Court for abuse of discretion in finding excusable neglect based solely on counsel's failure to comply with unambiguous federal rules)).

[14] *Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1200-01 (10th Cir. 2005) (discussing *Pioneer*'s statement to the effect that "'upheaval' in a law practice is not probative of excusable neglect").

good faith."[15] These factors, however, are not given equal weight. The Tenth Circuit has joined other circuits in emphasizing the third factor, i.e., the reason for the delay.[16]

Rule 60(b) permits a court to relieve either "a party or a party's legal representative" from the effects of a final order; however, based on the inconclusive testimony and inconsistent documentary evidence in this case and the Court's credibility determinations, the Court finds that both the Debtors and Debtors' counsel have failed to show excusable neglect by a preponderance of the evidence. Neither Debtors' counsel's arguments nor testimony adequately explained the discrepancies between the various alleged dates of the prepetition briefing, and Debtors' counsel was unable to produce and did not recall receiving any documentary proof from the Debtors that they had actually completed the briefing prior to filing the bankruptcy case. This is so despite counsel's obligation under Federal Rule of Bankruptcy Procedure 9011 to make a reasonable inquiry, *inter alia*, that the "allegations and other factual contentions [in the petition] have

---

[15] *Pioneer*, 507 U.S. at 395. Though certain of the *Pioneer* factors are couched in terms of "delay," the concept of "delay" is meant to encompass the circumstances surrounding the failure to meet a deadline. *See, e.g., Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) ("The term 'excusable neglect' . . . is generally 'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'") (internal diacritics and citation omitted; quoting *Pioneer*, 507 U.S. at 394); *Pioneer*, 507 U.S. at 391 (stating that Rule 9006(b)(1) is "not limited to situations where the *failure to timely file* is due to circumstances beyond the control of the filer") (emphasis added); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000); *In re Win Trucking, Inc.*, 236 B.R. 774, 782-83 (Bankr. D. Utah 1999). In this case, the omission occurred with the failure to timely certify compliance with the Code's prepetition briefing requirement on the petition when the case was filed on October 28, 2005. An amended petition was filed post dismissal on November 7, 2005 attempting to correct the error.

[16] *See Torres*, 372 F.3d at 1163 ("'[F]ault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable.'") (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)); *see also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003) (focusing on the third *Pioneer* factor and noting that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule" and that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.") (internal quotes omitted).

evidentiary support. . . ."[17] And the Debtors themselves did not appear at the hearing or otherwise attempt to explain their situation.

When applying the *Pioneer* test to the facts of this case, the excusable neglect argument must fail. The first factor – danger of prejudice to the Debtors – weighs in the Debtors' favor. Dismissal is an admittedly harsh result, but it is one that Congress intended when it determined that an individual simply may not be a debtor if certain requirements are not met. The second factor – length of the delay and its impact on judicial proceedings – weighs generally in the Debtors' favor given the early nature of the case and the short time frames between the erroneous petition filing, the amended petition filing, and the Motion hearing. The fourth factor – good faith – is a much closer question, both on the issue of whether the Debtors actually received the prepetition briefing and whether Debtors' counsel made reasonable efforts to verify his clients statements relative to completion of that prepetition requirement. Although the Court is not willing to make an affirmative finding of bad faith, the Court does find that the good faith *Pioneer* factor is, at best, neutral in the overall analysis.

Finally, the third factor – the reason for the delay and movant's reasonable control over it – weighs strongly against granting the requested relief. No sufficient "reason" for the failure to timely certify completion of the prepetition briefing requirement has been presented either by the Debtors or Debtors' counsel. The Court cannot even find on the evidence of this case that the Debtors' completion of a prepetition briefing is a fact "more likely true than not true." As such, it is equally if not more likely that the Debtors failed to certify completion of the prepetition briefing requirement simply because they did not receive a prepetition briefing. Similarly, Debtors' counsel could and should have taken reasonable steps to verify the Debtors' assertions

---

[17] FED. R. BANKR. P. 9011(b)(3). The Court is not imposing sanctions under Rule 9011.

regarding completion of the prepetition briefing and to certify compliance on the petition. At best, the acts at issue in this case evidence run-of-the-mill carelessness that does not rise to the level of excusable neglect.

### V.   CONCLUSION

Under the totality of the circumstances, while the Court believes that neglect occurred, the Debtors and Debtors' counsel have failed to show by a preponderance of the evidence that the failure to certify compliance with § 109(h)(1) on the petition was excusable. Given the inconsistencies in the testimony of Debtors' counsel, the lack of contemporaneous documentation, the representations in the Motion and at oral argument, and the multiplicity of documents filed in this case, the Court is not persuaded either that the Debtors actually received the required briefing prepetition or that the Debtors or their counsel were excusably negligent in failing to properly certify completion of the briefing requirement. If the issues in this case were simply about computer software errors and counsel's excusably negligent efforts in reporting the Debtors' otherwise completed acts to the Court, the Court may have ruled differently; however, the real issues involve the Debtors' questionable prepetition actions and counsel's inexcusable failure to reasonably inquire and verify before filing.

Accordingly, the proposed pending order granting the requested relief will be DENIED, and the case shall remain dismissed.

-----------------------------END OF DOCUMENT-----------------------------

_____ooo0ooo_____
## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION DENYING DEBTORS'**

**MOTION TO VACATE ORDER OF DISMISSAL** has been effected by first-class mail to the

parties listed below on November 23, 2005.

_____Michael S. Coffman_____


Monchai and Julianna Sukmungsa
228 East 2025 South
Clearfield, UT 84015
    *Debtors*


Sanford Barrett
Kevin Whatcott
Jeffrey Hagen
Whatcott Barrett & Hagen
1846 South 300 West
Salt Lake City, UT 84115
    *Counsel for Debtors*


J. Vincent Cameron
47 West 200 South
Suite 600
Salt Lake City, UT 84101
    *Chapter 13 Trustee*


United States Trustee
#9 Exchange Place
Suite 100
Salt Lake City, UT 84111-2147